UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY HEAD,

    Petitioner,

v.

J. CHRISTIANSEN,

    Respondent.

Case No. 18-12416
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND HOLD THE PETITION IN ABEYANCE [3]**

Mark Anthony Head is presently incarcerated after being convicted in Michigan state court. He has filed a habeas corpus petition under 28 U.S.C. § 2254 and a motion to stay the proceedings to allow him to exhaust additional claims in state court. (R. 1, 3.) For the reasons that follow, the motion for a stay will be granted, the petition will be held in abeyance, and the case will be closed for administrative purposes.

**I.**

Following a jury trial, Head was convicted of second-degree home invasion, Mich. Comp. Laws § 750.110a(3), and conspiracy to commit second-degree home invasion, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.110a(3). (R. 1, PageID.1.)

On direct appeal to the Michigan Court of Appeals, Head argued that (1) his conviction must be vacated because there was no evidence of intent to commit a larceny and (2) his trial counsel was ineffective for failing to request a jury instruction on the lesser-included charge of breaking and entering without permission. (R. 1, PageID.2, 48.) The Michigan Court of Appeals rejected these arguments. *See People v. Head*, No. 329248 (Mich. Ct. App. Mar. 14, 2017).

Head raised the same two claims and added a third in an application for leave to appeal in the Michigan Supreme Court. (R. 1, PageID.6–7, 9; R. 1-1, PageID.115, 120, 128.) On September 12, 2017, the Michigan Supreme Court denied leave to appeal. *See People v. Head*, 901 N.W.2d 380 (Mich. 2017).

On August 3, 2018, Head filed this habeas corpus petition, raising the three claims that he presented to the Michigan Supreme Court. (R. 1, PageID.6–7, 9.) He simultaneously filed a motion for a stay, which indicates that he wants to raise and exhaust additional issues concerning: (1) the prosecutor's request for a remand to the state district court, (2) the state circuit court's order granting the prosecutor's request for a remand, (3) the sufficiency of the evidence, (4) the trial court's failure to *sua sponte* read a jury instruction on the lesser-included offense of breaking and entering without permission, and (5) trial and appellate counsel's failure to object and raise these claims at the circuit court level and on appeal. (R. 3, PageID.147–148.)

**II.**

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Head admits that he raised his claim about appellate counsel only in the Michigan Supreme Court. (R.1, PID 9.) Thus, the habeas petition is a "mixed" petition of two exhausted claims and one unexhausted claim. In addition, some of the claims listed in the motion for stay have not been raised in state court at all.

The outright dismissal of Head's petition while he exhausts state remedies could result in a subsequent petition being barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Given the tension created by the interplay between the statute of limitations and the exhaustion requirement, courts are permitted to employ a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). This approach allows a district court to stay the federal proceeding and hold the habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id*. at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id*.

Head's unexhausted claim about appellate counsel is not plainly meritless, and he could not be expected to raise that issue on direct appeal while he was represented by the attorney. Furthermore, there is no indication that Head is engaged in intentionally dilatory litigation tactics.

**III.**

Accordingly, Head's motion for a stay (R. 3) is GRANTED. The Court will hold the petition (R. 1) in abeyance.

The Court orders Head to file a motion for relief from judgment in the state trial court within sixty (60) days of the date of this order, provided that he has not already done so. If he is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case and file an amended habeas petition within sixty (60) days of exhausting state remedies for his claims. The motion and amended petition must include the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Nothing in this order shall be considered a disposition of the habeas petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: October 11, 2018

I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, October 11, 2018, by first-class U.S. mail.

s/William Barkholz
Case Manager