UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY HEAD,

        Petitioner,

v.

JOHN CHRISTIANSEN,

        Respondent.

Case No. 18-12416
Honorable Laurie J. Michelson
Magistrate Judge Elizbeth A. Stafford

**ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY [7],
DENYING AS MOOT THE APPLICATION TO PROCEED
WITHOUT PREPAYMENT FEES AND COSTS [9],
AND DENYING THE MOTION FOR APPOINTMENT OF COUNSEL [10]**

Mark Anthony Head is presently incarcerated after being convicted in a Michigan state court. In 2018, he filed a habeas corpus petition under 28 U.S.C. § 2254 and a motion to stay the proceedings to allow him to exhaust additional remedies in state court. (ECF Nos. 1, 3.) On October 11, 2018, the Court granted Head's motion for a stay, held his habeas petition in abeyance, and closed this case for administrative purposes. (ECF No. 6.) Presently before the Court are Head's motion to lift the stay, his application to proceed without prepaying fees or costs, and his motion for appointment of counsel. (ECF Nos. 7, 9, 10.) For reasons that follow, the Court will grant the motion to lift the stay, deny as moot the application to proceed without prepaying fees or costs, and deny without prejudice the motion for appointment of counsel. The Court will also direct the Clerk of the Court to serve the amended petition on the State and will order the State to file a response to the amended petition.

I.

Following a jury trial in Macomb County Circuit Court, Head was convicted of attempted second-degree home invasion, Mich. Comp. Laws § 750.92, Mich. Comp. Laws § 750.110a(3), and conspiracy to commit second-degree home invasion, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.110a(3). (ECF No. 8-1, PageID.280, 282.) The trial court sentenced Head to prison for one to five years for the home-invasion and nine to fifteen years for the conspiracy. (*Id.* at PageID.280.) On direct appeal to the Michigan Court of Appeals, Head argued that (1) there was insufficient evidence at trial to support his convictions and (2) his trial counsel was ineffective for failing to request a jury instruction on the lesser-included charge of breaking and entering without permission. (*Id.* at PageID.283, 289.) The Michigan Court of Appeals rejected these arguments. *See People v. Head*, No. 329248 (Mich. Ct. App. Mar. 14, 2017); (ECF No. 8-1, PageID.282–290).

Head raised the same two claims in an application for leave to appeal in the Michigan Supreme Court and added a third claim regarding appellate counsel's failure to file a motion for new trial about trial counsel's assistance. (ECF No. 8, PageID.175.) On September 12, 2017, the Michigan Supreme Court denied leave to appeal. *See People v. Head*, 901 N.W.2d 380 (Mich. 2017).

On August 3, 2018, Head filed his initial habeas corpus petition, raising the three claims that he presented to the Michigan Supreme Court. (ECF No. 1, PageID.6–7, 9.) He simultaneously filed a motion for a stay, which indicated that he wanted to raise additional issues concerning: (1) the prosecutor's request for a remand to the state district court, (2) the state circuit court's order granting the prosecutor's request for a remand, (3) the sufficiency of the evidence, (4) the trial court's failure to read sua sponte a jury instruction on the lesser-included offense of breaking and

entering without permission, and (5) trial and appellate counsel's failure to object and raise these claims at the circuit court level and on appeal. (ECF No. 3, PageID.147–148.)

In an order entered on October 11, 2018, the Court determined that the habeas petition was a "mixed" petition of two exhausted claims and one unexhausted claim and that some of the claims listed in the motion for stay had not been raised in state court at all. (ECF No. 6, PageID.165.) The Court also determined that an outright dismissal of Head's petition while he exhausted additional state remedies could result in a subsequent petition being barred by the applicable one-year statute of limitations. (*Id.* (citing 28 U.S.C. § 2244(d))). In addition, because Head's unexhausted claim about appellate counsel was not plainly meritless and because there was no indication that Head was engaged in intentionally dilatory litigation tactics, the Court granted his motion for a stay, held the habeas petition in abeyance, and ordered Head to file a motion for relief from judgment in the state trial court within sixty days of the date of the Court's order. (*Id*. at PageID.165–166.) The Court also ordered Head to file an amended habeas petition with a motion to re-open this case within sixty days of exhausting state remedies for his claims. (*Id*.) To avoid administrative difficulties, the Court ordered the Clerk of Court to close this case. (*Id*.)

On April 3, 2020, Head returned to federal court with his motion to lift the stay, an amended habeas corpus petition, an application to proceed without prepaying fees or costs, and a motion for appointment of counsel. (ECF Nos. 7-10.)

## II.

### A.

In his motion to lift the stay, Head explains what happened during post-conviction proceedings in state court following the stay in this case. He alleges that he mailed a motion for relief from judgment to the state trial court on November 20, 2018. (ECF No. 7, PageID.168.) On

January 2, 2019, the trial court denied his motion as being without merit. (*Id*. at PageID.168–169; ECF No. 8, PageID.270.) Head then appealed the trial court's decision to the Michigan Court of Appeals, which denied his application for leave to appeal on July 3, 2019. (ECF No. 7, PageID.169; ECF No. 8-1, PageID.276.) On February 4, 2020, the Michigan Supreme Court likewise denied leave to appeal. (ECF No. 7, PageID.169; ECF No. 8-1, PageID.278.)

Head now wishes to re-open this case. His amended petition raises the following issues:

> I. Was there insufficient evidence presented to support the requisite element of intent to commit larceny?
>
> II. Was Petitioner's trial counsel ineffective where he (A) was not present for the preliminary examination and he (B) failed to request a jury instruction for a lesser included offense?
>
> III. Was appellate counsel ineffective when she failed to file a motion for a new trial and for a Ginther hearing in the trial court to expand the record in regards to the effective assistance of trial counsel?
>
> IV. Was Respondent's failure to notify Petitioner of the habitual offender enhancement within the statutorily required period . . . an unreasonable application of state law?
>
> V. Was Petitioner denied due process and the right to confrontation when inadmissible hearsay testimony of the homeowner -- that a spokesperson from the alarm company called her and said there had been a break in -- was presented at trial; and was trial counsel ineffective for failing to object and investigate?

(ECF No. 8, PageID.192.)

Head asserts that all these issues have been presented to the state court and have been properly exhausted. (ECF No. 7, PageID.169). He also appears to have complied with the filing deadlines established in the Court's order granting a stay. Accordingly, the Court grants his motion to lift the stay (ECF No. 7.)

### B.

Head's motion to proceed in forma pauperis (ECF No. 9) was docketed as an application to proceed without prepaying fees or costs. Head alleges in his application that he has no income except his prison job, that he has no asserts to defray costs, and that he is indigent. (ECF No. 9, PageID.360.) However, there is no fee for re-opening a case and the Court is granting his motion to lift the stay and to file the amended petition. Accordingly, the Court denies as moot the application to proceed without prepaying fees or costs.

### C.

In his motion for appointment of counsel, Head alleges that: he is unable to retain counsel; his incarceration hampers his ability to litigate this case; he has limited access to a law library and other resources; he has limited knowledge of the law and is incapable of engaging in further litigation; and he would have a reasonable chance of winning with the assistance of counsel. (ECF No. 10, PageID.365–366.)

But Head is not entitled to an attorney appointed at government expense at this time. "Habeas proceedings . . . are civil in nature," *Banister v. Davis*, 140 S. Ct. 1698, 1702–03 (2020), and there is no constitutional right to appointment of counsel in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citation omitted). "The appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances," and "[t]o determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (internal citations omitted). As another court put it,

> "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a

> reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002); *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986).

*Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088 (E.D. Mich. 2004).

Head has represented himself well so far, and no exceptional circumstances exist here. Moreover, without the benefit of the state-court record and the Government's response, the Court is unable to say whether Head would have a reasonable chance of winning his case with the assistance of counsel. For similar reasons, the Court finds it premature to address Head's request to expand the record, to have an evidentiary hearing, and to conduct discovery. (ECF No. 8, PageID.244; ECF No. 8-1, PageID.349–357.) Accordingly, the Court denies without prejudice Head's motion for appointment of counsel (ECF No. 10) and his requests to expand the record, have an evidentiary hearing, and conduct discovery. The Court will reconsider Head's motion and requests, if necessary, following receipt of the responsive pleading and the Court's review of the state-court record. Head will not have to renew his motion and requests.

### III.

For the reasons given above, IT IS ORDERED THAT:

● Head's motion to lift the stay (ECF No. 7) is GRANTED and this case is reinstated to the Court's active docket;

● Head's application to proceed without prepaying fees or costs (ECF No. 9) is DENIED as moot; and

● Head's motion for appointment of counsel (ECF No. 10) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall serve a copy of this order and the amended habeas petition on the Michigan Attorney General and John Christiansen, who is Head's warden at the Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, Michigan 48880.

IT IS FURTHER ORDERED that Respondent Christiansen shall file a response to the amended habeas petition and the relevant portions of the state-court record within six months of the date of this order.

IT IS FURTHER ORDERED that Head shall have 45 days from the date of the responsive pleading to file a reply.

SO ORDERED.

Dated: September 21, 2020

                                                 s/Laurie J. Michelson  
                                                 LAURIE J. MICHELSON  
                                                 UNITED STATES DISTRICT JUDGE